| | |
|---|---|
| 1 | Mark S. Spring, State Bar No. 155114 |
|   | mspring@cdflaborlaw.com |
| 2 | Marianne C. Koepf, State Bar No. 191025 |
|   | mkoepf@cdflaborlaw.com |
| 3 | Dena Harandi, State Bar No. 289455 |
|   | dharandi@cdflaborlaw.com |
| 4 | CAROTHERS DISANTE & FREUDENBERGER LLP |
|   | 601 Montgomery Street, Suite 350 |
| 5 | San Francisco, California 94111 |
|   | Telephone:  (415) 981-3233 |
| 6 | Facsimile:  (415) 981-3246 |
| 7 | Attorneys for Defendant |
|   | COMCAST CABLE COMMUNICATIONS |
| 8 | MANAGEMENT, LLC, erroneously sued herein as |
|   | COMCAST INC., d.b.a. COMCAST CABLE |
| 9 | COMMUNICATIONS MANAGEMENT, LLC, COMCAST |
|   | CABLE COMMUNICATIONS LLC, COMCAST |
| 10 | HOLDINGS CORPORATION, and COMCAST |
|   | CORPORATION a Pennsylvania Corporation |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLORIA RODRIGUEZ, | Case No. 3:16-cv-4413 |
| Plaintiff, | (Removed from San Francisco Superior Court, Case No. CGC-16-552115) |
| v. | |
| COMCAST INC., doing business as COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, COMCAST CABLE COMMUNICATIONS LLC, COMCAST HOLDINGS CORPORATION, and COMCAST CORPORATION, a Pennsylvania Corporation, and Does 1 through 50, inclusive, | **DEFENDANT COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1441(b) (DIVERSITY)** |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT defendant Comcast Cable Communications Management, LLC (erroneously sued as Comcast Inc., d.b.a. Comcast Cable Communications Management LLC, Comcast Cable Communications LLC, Comcast Holdings Corporation and Comcast Corporation) (hereinafter "Defendant"), by and through its attorney of record, hereby removes this action from the Superior Court of California, County of San Francisco, to the United States District Court, Northern District of California, based upon the following:

1.  On May 19, 2016, a civil action was filed in the Superior Court of the State of California in and for the County of San Francisco entitled *Gloria Rodriguez v. Comcast Inc., d.b.a. Comcast Cable Communications Management LLC, Comcast Cable Communications LLC, Comcast Holdings Corporation and Comcast Corporation,* Case No. CGC-16-552115 ("State Court Action"). Copies of the Summons and Complaint (with its exhibits and attachments) that were served on Comcast Corporation (but not the Defendant in this action) on May 26, 2016 and are attached hereto as **Exhibit A**.

2.  On June 27, 2016, Defendant voluntarily appeared and filed its Answer to Plaintiff's Complaint For Damages, a copy of which is attached hereto as **Exhibit B**.

3.  The documents attached hereto as Exhibits A and B constitute all process, pleadings and orders filed and served by or upon Defendant in the State Court Action.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1441(b)**

4.  This is a lawsuit of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5.  Defendant is informed and believes that Plaintiff is an individual residing in the State of California, and is a citizen of California. *See* Complaint at ¶ 6 (Exhibit A). Plaintiff was an individual employed by Defendant to perform work within the State of California at all times. *Id.* (Exhibit A). Plaintiff's complaint alleges, *inter alia*, that she was terminated due to her physical

1  disability and age in violation of California's Fair Employment and Housing Act, Cal. Govt. Code
2  §§ 12940(a), 12960 *et. seq*.

3        6.     Plaintiff's Complaint names Comcast, Inc., d.b.a. Comcast Cable Communications
4  Management, LLC, Comcast Cable Communications LLC, Comcast Holdings Corporation, and
5  Comcast Corporation, as Plaintiff's employer.  Complaint caption and ¶ 2 (Exhibit A).  However, the
6  true and correct legal name of Plaintiff's employer, and the proper defendant in this action, is
7  Comcast Cable Communications Management, LLC ("Defendant").  *See* Declaration of Derek H.
8  Squire in Support of Defendant's Notice of Removal ("Squire Decl."), ¶ 4.  Defendant is, and was at
9  the time this lawsuit was filed, a limited liability company organized under the laws of the State of
10 Delaware with its principal place of business in Pennsylvania. *Id.*

11       7.     The sole member of Defendant is Comcast Cable Communications, LLC ("CCC
12 LLC").  Squire Decl. ¶ 5.  CCC LLC is, and was at the time this lawsuit was filed, a limited liability
13 company organized under the laws of the State of Delaware with its principal place of business in
14 Pennsylvania. *Id.*  The sole member of CCC LLC is Comcast Holdings Corporation.  Squire Decl. ¶
15 5. Comcast Holdings Corporation is, and was at the time this lawsuit was filed, incorporated under
16 the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania.
17 *Id.*  Accordingly, Defendant, CCC LLC, and Comcast Holdings Corporation are <u>not</u> citizens of the
18 State of California.

19       8.     Plaintiff's Complaint also names as defendants Does 1-50.  However, pursuant to 28
20 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names is disregarded for
21 purposes of removal.

22       9.     Accordingly, Plaintiff does not share citizenship with Defendant, its sole member, or
23 any of its incorrect parent companies, and complete diversity exists between the parties to this action.

24       10.    The amount in controversy in this action exceeds $75,000, exclusive of interests and
25 costs.  *See* Plaintiff's verified Response to Defendant's Request for Admission, Set One, served on
26 July 26, 2016 ("Plaintiff's Response"), in which Plaintiff <u>denied</u> that her total damages from all
27 claims in the lawsuit, exclusive of interests and costs, would not exceed $75,000.00.  *See* Declaration
28 of Marianne C. Koepf in Support of Defendant's Notice of Removal ("Koepf Decl."), Ex. 1.

11.     This Notice of Removal is being filed based upon Plaintiff's Response, wherein Defendant's counsel was informed, for the first time, that the amount in controversy in this case exceeds $75,000.  Plaintiff's Complaint did not allege the amount in controversy, and Plaintiff's Response constitutes the first pleading from which Defendant could clearly ascertain that the amount in controversy in this action exceeds $75,000, exclusive of interests and costs.  Koepf Decl. ¶ 4; *see also Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860 (9th Cir. 1996) (party removing case must be able to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992) (holding that burden is on the party removing case to establish amount in controversy and holding that conclusory allegations are insufficient for this purpose); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (grounds for removal must be "unequivocally clear and certain" to start the 30-day removal period running); *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 694 (9th Cir. 2005) (the time for filing a notice of removability is determined by the "four corners of the applicable pleadings, not through a subjective knowledge or a duty to make further inquiry.")

12.     Based on the foregoing, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Accordingly, Defendant may remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441(b).

13.     Defendant will promptly serve its Notice to Plaintiff of Removal to Federal Court and will promptly file that Notice with the Superior Court of California, County of San Francisco.

WHEREFORE, Defendant removes this action from the Superior Court of California, County of San Francisco, to this Court.

Dated:  August 4, 2016         CAROTHERS DISANTE & FREUDENBERGER LLP


By: /s/ Marianne C. Koepf
               Marianne C. Koepf
Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC