# Exhibit A

**To Defendant's Notice of Removal**

5-26-16
140pm.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> COMCAST INC., DOING BUSINESS AS AS COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, COMCAST CABLE COMMUNICATIONS LLC, COMCAST HOLDINGS CORPORATION, AND COMCAST CORPORATION, A PENNSYLVANIA CORPORATION, AND DOES 1 THROUGH 50, INCLUSIVE. <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> GLORIA RODRIGUEZ | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: San Francisco Superior Court <br> *(El nombre y dirección de la corte es):* <br> 400 McAllister Street <br> 400 McAllister Street <br> San Francisco      CA    94102 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **CGC-16-552115** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Ray Bacon      415-864-0907      103866
234 Van Ness Avenue
San Francisco      CA    94102

DATE:   **MAY 19 2016**   **CLERK OF THE COURT** Clerk, by   **ARLENE RAMOS**   , Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Comcast Corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-26-16

**BY FAX**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS**    CEB | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

Page 1 of 1

1  DANIEL RAY BACON, STATE BAR # 103866
   Law Offices of Daniel Ray Bacon
2  234 Van Ness Avenue
   San Francisco, CA 94102
3  Telephone (415) 864-0907
   Facsimile: (415) 864-0989
4
   ATTORNEY FOR PLAINTIFF
5  GLORIA RODRIGUEZ

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 1 ? 2016

CLERK OF THE COURT
BY ____ARLENE RAMOS____
                    Deputy Clerk

6
7           SUPERIOR COURT OF THE STATE OF CALIFORNIA
8              IN AND FOR THE COUNTY OF SAN FRANCISCO
9                       UNLIMITED JURISDICTION

10  GLORIA RODRIGUEZ,                    )   CASE NO. CGC-16-552115
11                                       )
                    Plaintiff,           )
12                                       )
          v.                             )   COMPLAINT FOR DAMAGES
13                                       )   AND JURY DEMAND
    COMCAST INC., doing business as COMCAST )
14  CABLE COMMUNICATIONS MANAGEMENT, )
    LLC, COMCAST CABLE COMMUNICATIONS )
15  LLC, COMCAST HOLDINGS CORPORATION, )
    and COMCAST CORPORATION, a Pennsylvania )
16  Corporation, and Does 1 through 50, inclusive, )
                                         )
17                                       )
                    Defendants.          )
18                                       )
                                         )
19                                       )
    _____  )

20  FIRST CAUSE OF ACTION: VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND
21  HOUSING ACT (DISABILITY DISCRIMINATION) [California Government Code §12940(a)];
    SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND
22  HOUSING ACT (FAILURE TO ACCOMMODATE) [California Government Code §12940(m)];
    THIRD CAUSE OF ACTION VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND
23  HOUSING ACT (FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS) [California
24  Government Code §12940(n)]; FOURTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA
    FAIR EMPLOYMENT AND HOUSING ACT (AGE DISCRIMINATION) [California
25  Government Code §12940(a)]; FIFTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA
    FAIR EMPLOYMENT AND HOUSING ACT (RETALIATION) [California Government Code
26  §12940(h)];[California Government Code §12940(a)] SIXTH CAUSE OF ACTION: (FAILURE
27  TO PREVENT DISCRIMINATION) [(California Government Code §12940(k)]; SEVENTH

28

Plaintiff's Complaint for Damages

BY FAX

CAUSE OF ACTION: ADVERSE EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY (DISABILITY, AGE AND RETALIATION DISCRIMINATION UNDER FEHA);

## PARTIES AND JURISDICTION

1. Plaintiff GLORIA RODRIGUEZ (hereinafter "PLAINTIFF") suffers from a disability stemming from a medical emergency which occurred in or about March 2015. Plaintiff resides in San Francisco, California.

2. Defendant COMCAST, INC., doing business as COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, COMCAST CABLE COMMUNICATIONS LLC, COMCAST HOLDINGS CORPORATION, and COMCAST CORPORATION (hereinafter "COMCAST" or "Comcast") is a Pennsylvania Corporation located in Philadelphia, Pennsylvania, and does business in San Francisco County, State of California. At all times relevant to this complaint Defendant regularly employed more than 50 people in the state of California and was subject to the requirements of the California Fair Employment and Housing Act.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.   Plaintiff Gloria M. Rodriguez ("Plaintiff") was hired by Defendant Comcast's ("Comcast") predecessor company, Viacom as a Customer Service Representative, on or about April 15, 1991 and continued to work as a Customer Service Representative for TCI when it acquired Viacom, and then for AT&T when it acquired TCI, and then for defendant Comcast when it acquired AT&T. Plaintiff's last job title was Representative 2, Customer Service Center position at Comcast's San Francisco, California office, and performed her job well and received excellent performance reviews.   Plaintiff held her Customer Service, Executive II position until December 15, 2015 on which date Plaintiff's employment was terminated without cause. Plaintiff was 58 years old at the time of her termination.

7.   In or around March of 2015, Plaintiff suffered a medical emergency, which eventually rendered her disabled to perform work. As a result of Plaintiff's medical emergency, Plaintiff had surgery to correct a cavernous malformation in her brain. Plaintiff was hospitalized for approximately one week after her surgery. The surgery was successful, but Plaintiff's physician and surgeon stated that Plaintiff would be unable to work for a period of time during her recovery, but gave a projected return to work date.   Plaintiff's brain surgery to repair bleeding from a vein in her brain was serious, but successful surgery which resulted in a medical prognosis that Plaintiff would be able to return to full duties after the recovery period.   On November 16, 2015 Defendant's representative, Sofia

Plaintiff's Complaint for Damages                    - 3 -

Lowneberg, told Plaintiff in a telephone call that Defendant could not accommodate Plaintiff with her job anymore and that she was terminated.

8. On or about December 2, 2015, Defendant stated that it could no longer accommodate Plaintiff's medical leave request and demanded that Plaintiff return to work with modified duties.

9. Plaintiff's primary care physician opposed Defendant's request and reiterated to Defendant Comcast that Plaintiff was not ready to return to work due to Plaintiff's medical condition, but gave a projected return to work date.

10. On or about December 15 2015, Plaintiff was terminated from Defendant's employ after 25 years of loyal service when Defendant falsely claimed that "given the lengthy period of leave already provided, and the significant and indefinite duration of your ongoing leave, we are unable to further extend your leave and are administratively separating you from employment effective December 16, 2015." See Plaintiff's termination letter dated December 15, 2015, which is attached to this complaint as Exhibit A.

11. Plaintiff's leave of absence, which was necessitated by a medical emergency, was not an indefinite leave as Defendant falsely alleged in its correspondence to Plaintiff. Plaintiff's physician stated that there would be a six month recovery and that at the end of the recovery period, plaintiff could return to her regular duties.

12. Defendant had written policies and procedures which allowed employees to take up to a year's leave of absence, for various reasons, among them any leave necessitated by medical conditions.

13. After Plaintiff's termination, Plaintiff's insurance benefits for disability and medical coverage were terminated by Comcast forcing Plaintiff to apply for medi-cal benefits for

her medical benefits which prevented Plaintiff from receiving continued medical care from her doctors and physicians who had treated her for her medical condition.

14. After Plaintiff was terminated from her employment with Comcast, she was replaced by a much younger employee at the San Francisco Comcast store.

15. Plaintiff has lost wages and benefits and has been forced to incur additional medical costs and forced to purchase COBRA benefits

16. Plaintiff filed a charge of discrimination on the basis of disability, age, and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") and State of California Department of Fair Employment and Housing ("DFEH") on March 22, 2016 [EEOC case number 555-2016-00569 (Exhibit B)]. Plaintiff received a Right-to-Sue Notice dated April 12, 2016. A true and correct copy is attached hereto and incorporated herein as Exhibit C.

## FIRST CAUSE OF ACTION
## VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
## (DISABILITY DISCRIMINATION)
### [California Government Code § 12940(a)]

17. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 16, inclusive, of this complaint and makes them a part of this instant cause of action as though fully set forth herein.

18. The Fair Employment and Housing Act ("FEHA") California Government Code § 12940(a) prohibits employers from discriminating against any person in compensation, or in terms, conditions, or privileges of employment, because of such person's physical disability. *Nadaf-Rahrov v. The Neiman Marcus Group, Inc., 166 Cal. App. 4th 952, 964 (2008).*

19. PLAINTIFF was capable of performing the essential functions of her customer service position and/or other positions at Comcast with a reasonable accommodation of leave. Instead of accommodating PLAINTIFF with a leave of absence, Defendant Comcast terminated the PLAINTIFF because of her medical disability due to her brain surgery. Defendant made a decision to terminate the Plaintiff and thus commit an adverse employment decision against PLAINTIFF despite the availability of a leave of absence which it had previously represented to the Plaintiff that she had as an earned benefit as an employee of Comcast.

20. Defendant Comcast has accommodated other disabled and non-disabled employees, yet it terminated PLAINTIFF because of her disability. In treating PLAINTIFF differently in her terms and conditions of employment from non-disabled employees, Defendant Comcast has violated the California Fair Employment and Housing Act.

21. As a proximate result of Defendant Conmcast's unlawful employment practices, PLAINTIFF has suffered damages due to lost regular wages and all lost employment benefits according to proof. PLAINTIFF further suffered humiliation, embarrassment, mental and emotional distress and discomfort as the proximate result of Comcast's unlawful employment practices, as well as forcing her to incur attorney fees, costs and certain other incidental damages, all according to proof.

22. At all times herein mentioned, and in acting as alleged herein, Defendant knew that discrimination based on disability is illegal and wrongful. Notwithstanding such knowledge, and acting oppressively, maliciously, and fraudulently towards PLAINTIFF, with a conscious disregard of her civil rights, with the intention of causing or recklessly disregarding the probability of causing injury and emotional distress to

Plaintiff's Complaint for Damages         - 6 -

PLAINTIFF, Defendant refused to accommodate PLAINTIFF and unlawfully discriminated against PLAINTIFF as alleged above. Defendant's conduct warrants an assessment of punitive damages in a sum according to proof at trial.

23. Plaintiff filed a charge of discrimination on the basis of disability with the U.S. Equal Employment Opportunity Commission ("EEOC") and State of California Department of Fair Employment and Housing ("DFEH") on March 22, 2016 [EEOC case number 555-2016-00569 (Exhibit B)]. Plaintiff received a Right-to-Sue Notice dated April 12, 2016. A true and correct copy is attached hereto and incorporated herein as Exhibit C.

WHEREFORE, PLAINTIFF prays for judgment against Defendant Comcast as hereinafter alleged;

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**(FAILURE TO ACCOMMODATE)**
[California Government Code § 12940(m)]

24. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 23, inclusive, of this complaint and makes them a part of this instant cause of action as though fully set forth herein.

25. The Fair Employment and Housing Act, California Government Code § 12940(m) states that it is unlawful, "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." *Nadaf-Rahrov 166 Cal. App. 4th at 964.* California Government Code § 12940(m) reflects a fundamental public policy of the state of California.

26. Defendant Comcast  failed and refused to accommodate Plaintiff and approve her

request for a leave of absence and thereby allow Plaintiff to return PLAINTIFF to her previous position after her accommodation of a leave of absence, failed and refused to accommodate PLAINTIFF by providing an accommodation of leave during her recovery period, and instead terminated  PLAINTIFF in violation of California Government Code § 12940(m).

27. Defendant failed and refused to engage in any good faith interactive process with PLAINTIFF or her physicians to determine if PLAINTIFF could be reasonably accommodated by granting leave from  Defendant Comcast during her recovery period.

28. At all times relevant hereto Plaintiff was capable of returning to work and perform all of the essential functions of her job if Defendant had granted PLAINTIFF an accommodation of a leave of absence in order to heal and recover during her rehabilitation and recovery period as recommended by her physician.. Based on the recommendations of her physician, PLAINTIFF on several occasions informed Defendant of the type of accommodations that would allow PLAINTIFF to continue working at Comcast after her recovery and rehabilitation period, yet Defendant ignored these requests and instead falsely alleged that Defendant was on an indefinite leave of absence and unable to perform the essential duties of her position at any time in the future.

29. As a proximate result of Comcast's unlawful employment practices, PLAINTIFF has suffered damages due to lost regular wages and all lost employment benefits according to proof. PLAINTIFF further suffered humiliation, embarrassment, mental and emotional distress and discomfort as the proximate result of Comcast's unlawful employment practices, as well as forcing her to incur attorney fees, costs, and certain

other incidental damages, all according to proof.

30. At all times herein mentioned, and in acting as alleged herein, Defendant knew that failure to accommodate after requests for accommodation was illegal and wrongful. Notwithstanding such knowledge, and acting oppressively, maliciously, and fraudulently towards PLAINTIFF, with a conscious disregard of her civil rights, with the intention of causing or recklessly disregarding the probability of causing injury and emotional distress to PLAINTIFF, Defendant refused to accommodate PLAINTIFF and unlawfully discriminated against PLAINTIFF as alleged above. Defendant's conduct warrants an assessment of punitive damages in a sum according to proof at trial.

31. Plaintiff filed a charge of discrimination on the basis of disability with the U.S. Equal Employment Opportunity Commission ("EEOC") and State of California Department of Fair Employment and Housing ("DFEH") on the basis of disability on March 22, 2016 [EEOC case number 555-2016-00569 (Exhibit B)]. Plaintiff received a Right-to-Sue Notice dated April 12, 2016. A true and correct copy is attached hereto and incorporated herein as Exhibit C.

WHEREFORE, PLAINTIFF prays for judgment against Defendant Comcast as hereinafter alleged;

THIRD CAUSE OF ACTION
VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
(FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS)
[California Government Code § 12940(n)]

32. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 31, inclusive, of this complaint and makes them a part of this instant cause of action as though fully set forth herein.

33. The Fair Employment and Housing Act, California Government Code § 12940(n)

declares it an unlawful employment practice for an employer "to fail to engage in a

timely, good faith, interactive process with the employee or applicant to determine

effective reasonable accommodations, if any, in response to a request for reasonable

accommodation by an employee or applicant with a known physical or mental disability

or known medical condition." *Nadaf-Rahrov 166 Cal. App. 4th at 964.*

34. Once Defendant Comcast determined that PLAINTIFF was unable to return to her usual

position it had an affirmative duty to engage in a timely, good faith interactive process

with PLAINTIFF and her medical providers to determine whether or not PLAINTIFF

could be accommodated with a leave of absence with Comcast in order to return to

work after her recovery.

35. Defendant Comcast failed to engage in any good faith, interactive process with

PLAINTIFF or her physicians to determine if PLAINTIFF could be reasonably

accommodated in any job position with a leave of absence which would have allowed

her to return to her position at Comcast.

36. At all times relevant hereto a leave of absence from Comcast would have allowed

PLAINTIFF to perform her job with an accommodation that would have allowed

Plaintiff to return to her position after her recovery period, which render's Defendant's

decision to terminate PLAINTIFF as unnecessary and discriminatory.

37. As a proximate result of Comcast's unlawful employment practices, PLAINTIFF has

suffered damages due to lost regular wages and all lost employment benefits according

to proof. PLAINTIFF further suffered humiliation, embarrassment, mental and

emotional distress and discomfort as the proximate result of Comcast's unlawful

employment practices, as well as forcing her to incur attorney fees, costs and certain other incidental damages, all according to proof.

38. At all times herein mentioned, and in acting as alleged herein, Defendant knew that failure to engage in the interactive process after Plaintiff made requests for accommodation was illegal and wrongful. Notwithstanding such knowledge, and acting oppressively, maliciously, and fraudulently towards PLAINTIFF, with a conscious disregard of her civil rights, with the intention of causing or recklessly disregarding the probability of causing injury and emotional distress to PLAINTIFF, Defendant refused to enter into any interactive process in order to accommodate PLAINTIFF and unlawfully discriminated against PLAINTIFF as alleged above. Defendant's conduct warrants an assessment of punitive damages in a sum according to proof at trial.

39. Plaintiff filed a charge of discrimination on the basis of disability with the U.S. Equal Employment Opportunity Commission ("EEOC") and State of California Department of Fair Employment and Housing ("DFEH") on March 22, 2016 on the basis of disability and failure to enter into an interactive process [EEOC case number 555-2016-00569 (Exhibit B)]. Plaintiff received a Right-to-Sue Notice dated April 12, 2016. A true and correct copy is attached hereto and incorporated herein as Exhibit C. WHEREFORE, PLAINTIFF prays for judgment against Defendant Comcast as hereinafter alleged;

FOURTH CAUSE OF ACTION
VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
(AGE DISCRIMINATION)
[California Government Code §12940(a)]

40. Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 39,

Plaintiff's Complaint for Damages        - 11 -

inclusive, of this Complaint and makes them a part of this instant cause of action as though fully set forth herein.

41. The California Fair Employment and Housing Act ("FEHA"), *as codified under* California Government Code § 12940(a), prohibits employers from discharging an employee because of age. Individuals over 40 are considered a protected class under FEHA. Plaintiff was 58 years of age when she was terminated.. Plaintiff was, at all times relevant, performing her job satisfactorily. Plaintiff's position was subsequently replaced by an individual who was substantially younger than Plaintiff at a pay rate lower than the amount Plaintiff had previously been paid.

42. The acts of Defendant stated above, as well as Defendants' pattern of practice of terminating employees over 40 only to replace such employees with substantially younger individuals, shows that Defendants' stated reason for discharging Plaintiff was merely pretext for its wrongful termination on the basis of Plaintiff's age. In discharging Plaintiff from her employment because of her age, Defendant has violated the California Fair Employment and Housing Act

43. As a proximate result of Defendant Comcast's unlawful employment practices, Plaintiff has suffered damages due to lost regular wages and all lost employment benefits according to proof. Plaintiff further suffered humiliation, embarrassment, mental and emotional distress and discomfort as a proximate result of Defendant's unlawful employment practices, as well as forcing her to incur attorney's fees, costs, and certain other incidental damages, all according to proof.

44. At all times herein mentioned, and in acting as alleged herein, Defendant knew that age discrimination was illegal and wrongful. Notwithstanding such knowledge, and acting

oppressively, maliciously, and fraudulently towards PLAINTIFF, with a conscious disregard of her civil rights, with the intention of causing or recklessly disregarding the probability of causing injury and emotional distress to PLAINTIFF, Defendant refused to accommodate PLAINTIFF and unlawfully discriminated against PLAINTIFF due to her age as alleged above. Defendant's conduct warrants an assessment of punitive damages in a sum according to proof at trial.

45. On March 22, 2016, Plaintiff filed a charge of discrimination on the basis of age with the U.S. EEOC and California DFEH which was assigned EEOC case number 550-2016-00569. See Charge of Discrimination, attached and incorporated by reference as Exhibit B to this Complaint. Plaintiff received a Right-to-Sue Notice dated April 12, 2016. See DFEH Right-to-Sue Notice dated April 12, 2016, attached and incorporated by reference as Exhibit C to this Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant Comcast as hereinafter alleged;

## FIFTH CAUSE OF ACTION
### (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT)
### (RETALIATION)
[California Government Code § 12940(h)]

46. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 45, inclusive, of this complaint and makes them a part of this instant cause of action as though fully set forth herein.

47. The Fair Employment and Housing Act, California Government Code § 12940(h) makes illegal retaliation against any individual for engaging in an activity to oppose an unlawful employment practice under California Government Code § 12940 or because the individual has filed a complaint in any proceeding under California Government Code § 12940.

48. Plaintiff's repeated requests for accommodations for her disability are protected activities within the meaning of the anti-retaliation provisions of California Government Code § 12940(h).

49. Defendant retaliated against PLAINTIFF in violation of the California Fair Employment and Housing act when it engaged in the following non-exhaustive list of acts: refusing to allow PLAINTIFF a leave of absence as an accommodation in order to recuperate and return to her regular duties after the leave of absence, falsely claiming that PLAINTIFF could not perform the essential functions of her job if granted a leave of absence, falsely claiming that Plaintiff could not be accommodated because her leave of absence request was for an indefinite leave, failing to engage into any interactive process, terminating PLAINTIFF from her position due to age and disability when PLAINTIFF was able to perform her existing job after her return from her accommodation of a leave of absence.

50. The wrongful conduct of Defendant toward PLAINTIFF as alleged herein was at least in part a result of PLAINTIFF's requests for accommodation and PLAINTIFF's age and such conduct constitutes unlawful employment practices in violation of the California Fair Employment and Housing Act.

51. As a proximate result of Office Depot's unlawful employment practices, PLAINTIFF has suffered damages due to lost regular wages and all lost employment benefits according to proof. PLAINTIFF further suffered humiliation, embarrassment, mental and emotional distress and discomfort as the proximate result of Comcast's unlawful employment practices, as well as forcing her to incur attorney fees, costs and certain other incidental damages, all according to proof.

52. At all times herein mentioned, and in acting as alleged herein, Defendant knew that retaliation based on requests for accommodation and due to age were and are illegal and wrongful. Notwithstanding such knowledge, and acting oppressively, maliciously, and fraudulently towards PLAINTIFF, with a conscious disregard of her civil rights, with the intention of causing or recklessly disregarding the probability of causing injury and emotional distress to PLAINTIFF, Defendant refused to accommodate PLAINTIFF and unlawfully discriminated against PLAINTIFF as alleged above. Defendant's conduct warrants an assessment of punitive damages in a sum according to proof at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendant Comcast as hereinafter alleged;

## SIXTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
## (FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT)
### [California Government Code § 12940(k)]

53. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 52, inclusive, of this complaint and makes them a part of this instant cause of action as though fully set forth herein.

54. At all times relevant to this complaint, the Fair Employment and Housing Act and its implementing regulations were in full force and effect and binding on the Defendant.

55. Pursuant to California Government Code § 12940(k), it is unlawful for an employer to fail to prevent discrimination and retaliation from existing in the workplace. In engaging in the conduct described above, the Defendant failed to engage in any reasonable steps to prevent discrimination or retaliation, and PLAINTIFF is informed and believes and thereon alleges that the Defendant does not have appropriate policies, procedures, practices, guidelines, rules, and/or training regarding the prevention of discrimination and retaliationt in the workplace.

56. As a direct and proximate result of the Defendant's wrongful conduct, PLAINTIFF has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

57. In doing the things alleged herein, the Defendant's conduct as described herein was despicable, and the Defendant acted toward PLAINTIFF with malice, oppression, fraud, and with willful and conscious disregard of PLAINTIFF's rights, entitling PLAINTIFF to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, PLAINTIFF prays for judgment against Comcast as hereinafter alleged;

### SEVENTH CAUSE OF ACTION
### ADVERSE EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY
### (DISABILITY, AGE AND RETALIATION DISCRIMINATION UNDER FEHA)

58. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 57, inclusive, of this complaint and makes them a part of this instant cause of action as though fully set forth herein.

59. It is the public policy of the State of California to prohibit employers from terminating employees in a discriminatory or retaliatory manner. This public policy is embodied in, inter alia, the California Government Code and the California Code of Regulations, including but not limited to the California Fair Employment and Housing Act.

60. Defendant's termination of PLAINTIFF contravenes the public policy set forth in California Government Code §§ 12940(a), 12940(k), 12940(m), and 12940(n), and Defendant's termination of PLAINTIFF was in violation of public policy because PLAINTIFF's termination was motivated at least in part by: (a) PLAINTIFF's disability and age; (b) the Defendant's failure or refusal to provide PLAINTIFF with a reasonable

Plaintiff's Complaint for Damages          - 16 -

accommodation; (c) the Defendant's failure and refusal to enter into an interactive process; and (d) PLAINTIFF's request for accommodation.

61. As a direct and proximate result of the Defendant's wrongful conduct, PLAINTIFF has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

62. At all times herein mentioned, and in acting as alleged herein in paragraphs 1 through 61, inclusive, the Defendant knew that its acts constituted oppression, fraud or malice or a conscious disregard of the rights of PLAINTIFF. Defendant so acted intentionally without regard to and harming PLAINTIFF, who is accordingly entitled to an appropriate award assessing punitive or exemplary damages against Defendant.

WHEREFORE, PLAINTIFF prays judgment against Defendant Comcast as hereinafter alleged;

## JURY DEMAND

63. Plaintiff herein demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for damages as against Defendant as follows:

1. For general damages in an amount according to proof at trial, together with the legal rate interest thereupon;

2. For special damages, together with the legal rate of interest in an amount according to proof at trial;

3. For emotional suffering damages according to proof at trial;

4. For punitive damages;

5. For all attorney fees incurred herein pursuant to California Government Code Section 12965(b) and California Code of Civil Procedure Section 1021.5.

Plaintiff's Complaint for Damages                - 17 -

6. For all costs of suit incurred herein; and

7. For such other and further relief as the Court may deem proper or may order.

Dated: May 11, 2016

LAW OFFICES OF DANIEL RAY BACON

DANIEL RAY BACON
Attorney for Plaintiff
GLORIA RODRIGUEZ

# EXHIBIT A



1500 Market St
10th Floor East
Philadelphia PA, 19102
Phone:  (215) 644-5424
Fax: (215) 286-9941

December 15, 2015

**Via Standard Mail and Overnight Delivery**
**Gloria Rodriguez**
**1151 Naples St Apt B**
**San Francisco, CA 94112**

RE:    Separation of Employment

Dear Gloria:

I write in connection with your employment status and your leave of absence from work.  You have been on a continuous leave and inactive from your position as a Rep 2, Customer Service Center since March 2, 2015. According to our records, your entitlement to leave under the Family and Medical Leave Act and/or any other applicable leave law (collectively "FMLA") exhausted on May 22, 2015.

We agreed to accommodate you by approving a Medical Leave of Absence ("MLOA") from May 23, 2015 to August 18, 2015.  We also approved an extension of that MLOA from August 19, 2015 through October 19, 2015, which we understood was the date of your evaluation appointment with your specialist.

On November 12, 2015, we received updated medical documentation dated November 9, 2015, in which your health care provider requested additional leave through April 19, 2016. He indicated that you need recovery time of six months and are not able to work even with reasonable accommodation. On November 16, 2015, we discussed your current status on the phone. You confirmed that your condition has not improved and that you are not able to return at this time with or without accommodations to your Rep 2, Customer Service Center position.

On November 30, 2015 we reviewed your case further for next steps. On December 2, 2015, I spoke with you regarding your status and to explore the possibility of you returning to work to a sedentary position.  You indicated that you were depressed, having memory loss and are not able to stand without holding on or using a cane. Additionally, you stated that you would discuss your status further with your health provider during your next visit the following week. On December 7, 2015, I sent you a clarification letter to submit to your health provider, and the response was due on December 14, 2015. On December 14, 2015, we received the clarification response. Your health care provider indicated you are not ready to return to work in a sedentary position, and that even with reasonable accommodations you remain totally disabled.

Therefore, given the lengthy period of leave already provided, and the significant and indefinite duration of your ongoing leave, we are unable to further extend your leave and are administratively separating you from employment effective **December 16, 2015.**

Although your employment is terminated at this time, you remain eligible for rehire. I invite you to continue to apply for any open position at Comcast in the future that you believe you can perform with or without reasonable assistance. If you would like information on vacancies at Comcast, you may visit the Comcast website at **http://jobs.comcast.com.**

You will be sent information about your rights, if any, under COBRA and other benefit information under separate cover. If you have any questions, comments, or concerns, please do not hesitate to call me at (215) 644-5424. I wish you the best of luck in your future endeavors.


**Sincerely,**

Sofia Lowenberg
LOA Consultant, HR Shared Services
Leave Management
Phone: (215) 644-5424
Email: sofia_lowenberg@cable.comcast.com
Fax: (215) 286-9941

**Cc:**
Manager: Jordan Kyu
Human Resources: Krista Heieck

# EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 550-2016-00569 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Gloria M. Rodriguez | (415) 609-1521 | 03-17-1957 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1151 Naples Street, San Francisco, CA 94112 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COMCAST CORPORATION | 500 or More | (800) 266-2278 |

| Street Address | City, State and ZIP Code |
|---|---|
| 260 Potrero Street, San Francisco, CA 94103 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
                          12-16-2015

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or about April 15, 1991. My most recent job title was Customer Service Representative, and my immediate supervisor was Jordan Kyu. In or around March of 2015, I suffered from a medical emergency, of which it eventually caused my disability. Subsequently, I was on medical leave from work during my recovery period. On or around December 2, 2015, Respondent stated that they can no longer accommodate my medical leave request and I have to return to work with modified duties. Yet, my primary physician opposed and reiterated that I was not ready to return to work due to my medical condition. On or about December 15, 2015, I was discharged and received a letter of termination from Respondent. I am aware that Respondent hired a younger employee who was outside of my protected class to fill my vacancy.

The reason Respondent stated for my discharge was they were unable to further extend my leave.

I believe that I was discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended. I also believe that I have been discriminated against because of my age (59), in violation of The Age Discrimination in Employment Act of 1967, as amended. Moreover, I believe that I was retaliated against for engaging in protected activity in violated the statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 3-22-2016               [signature]<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2.  AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge if retaliation is taken against you or others who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT C



STATE OF CALIFORNIA | State and Consumer Services Agency                     GOVERNOR EDMUND G. BROWN, JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

EEOC Number: 550-2016-00569C
Case Name:        Gloria M. Rodriguez vs. COMCAST CORPORATION
Filing Date:       April 12, 2016

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the
California Department of Fair Employment and Housing (DFEH) by the U.S. Equal
Employment Opportunity Commission (EEOC). The complaint will be filed in
accordance with California Government Code section 12960. This notice constitutes
service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be
conducting an investigation into this matter. Please contact EEOC directly for any
discussion of the complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

This letter is also your Right to Sue notice. This Right-To-Sue Notice allows you to file a
private lawsuit in State court. According to Government Code section 12965,
subdivision (b), you may bring a civil action under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment
agency named in the above-referenced complaint. The lawsuit may be filed in a State
of California Superior Court. Government Code section 12965, subdivision (b), provides
that such a civil action must be brought within one year from the date of this notice.
Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period
will be tolled during the pendency of the EEOC's investigation of your complaint. You
should consult an attorney to determine with accuracy the date by which a civil action
must be filed. This right to file a civil action may be waived in the event a settlement
agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC
using the contact information below.

|  |  |
|---|---|
| EEOC Northern California | EEOC Southern California |
| 450 Golden Gate Ave 5-West | 255 East Temple Ste., 4th Floor |
| PO Box 36025 | Los Angeles, CA 90012 |
| San Francisco, CA 94102 | (213) 894-1100 |
| (415) 522-3000 | |

DFEH-200-02 (01/13)

CASE NUMBER: CGC-16-552115  GLORIA RODRIGUEZ VS. COMCAST INC., ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:    **OCT-19-2016**

TIME:    **10:30AM**

PLACE:   **Department 610**
         **400 McAllister Street**
         **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**

## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet)
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION.** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

    The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable Michael I. Begert | The Honorable Harold E. Kahn |
| The Honorable Suzanne R. Bolanos | The Honorable Curtis E.A. Karnow |
| The Honorable Angela Bradstreet | The Honorable Charlene P. Kiesselbach |
| The Honorable Andrew Y.S. Cheng | The Honorable James Robertson, II |
| The Honorable Samuel K. Feng | The Honorable Richard B. Ulmer, Jr. |
| The Honorable Charles F. Haines | The Honorable Mary E. Wiss |

    Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

03/2015 (ja)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br><br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |
|---|---|

**1)    The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐    **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party.  Waivers are available to those who qualify.  BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐    **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate.  Waivers of the administrative fee are available to those who qualify.  BASF assists parties with mediator selection, conflicts checks and full case management.  www.sfbar.org/mediation

☐    **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐    **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought.  The court appoints a pre-screened arbitrator who will issue an award.  There is no fee for this program.  www.sfsuperiorcourt.org

☐    **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days     ☐ 90-120 days     ☐ Other (please specify) _____

☐    **Other ADR process (describe)** _____

**2)    The parties agree that the ADR Process shall be completed by (date):** _____

**3)    Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐    *Additional signature(s) attached*

ADR-2  03/15          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**



# Superior Court of California
# County of San Francisco

### Expedited Jury Trial Information Sheet

## What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

## Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

## Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

## How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

## How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

**1) At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) **After a Trial Date has been Set**: Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) **After Trial Assignment**: A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### Expedited Jury Trial Request
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____    v. _____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| Name of Party | Name of Party/Attorney | Signature of Party |
|---|---|---|
| | | Dated: _____ |

| Name of Party | Name of Party/Attorney | Signature of Party |
|---|---|---|
| | | Dated: _____ |

| Name of Party | Name of Party/Attorney | Signature of Party |
|---|---|---|
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

---

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html.* The rules are at *www.courts.ca.gov/rules.*

*\*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| | |

TELEPHONE NO :          FAX NO  *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER: |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone,** by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name):*
   b. ☐  This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in ☐  complaint   ☐  cross-complaint      *(Describe, including causes of action):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following;
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:            f. Fax number:
e. E-mail address:              g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are **willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have **already completed** an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
       (TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
       (TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CASE NUMBER: CGC-16-552115  GLORIA RODRIGUEZ VS. COMCAST INC., ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **OCT-19-2016** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610**<br>**400 McAllister Street**<br>**San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.     **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# Exhibit B

**To Defendant's Notice of Removal**

1   CAROTHERS DISANTE & FREUDENBERGER LLP
    Mark S. Spring, State Bar No. 155114
2   mspring@cdflaborlaw.com
    Marianne C. Koepf, State Bar No. 191025
3   mkoepf@cdflaborlaw.com
    Dena Harandi, State Bar No. 289455
4   dharandi@cdflaborlaw.com
    601 Montgomery Street, Suite 350
5   San Francisco, California 94111
    Telephone: (415) 981-3233
6   Facsimile: (415) 981-3246

7   Attorneys for Defendant
    COMCAST CABLE COMMUNICATIONS
8   MANAGEMENT, LLC, erroneously sued herein as Comcast
    Inc.
9

**ELECTRONICALLY**
**FILED**
*Superior Court of California,*
*County of San Francisco*
**06/27/2016**
**Clerk of the Court**
BY:NOELIA RIVERA
**Deputy Clerk**

10                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                          **COUNTY OF SAN FRANCISCO**

12                            **UNLIMITED JURISDICTION**

13   GLORIA RODRIGUEZ,                          ) Case No. CGC-16-552115
                                                )
14                  Plaintiff,                   )
            v.                                   )
15                                               )  **DEFENDANT COMCAST CABLE**
     COMCAST INC., doing business as COMCAST     )  **COMMUNICATIONS**
16   CABLE COMMUNICATIONS                        )  **MANAGEMENT, LLC'S ANSWER TO**
     MANAGEMENT, LLC, COMCAST CABLE              )  **PLAINTIFF'S COMPLAINT FOR**
17   COMMUNICATIONS LLC, COMCAST                 )  **DAMAGES**
     HOLDINGS CORPORATION, and COMCAST           )
18   CORPORATION, a Pennsylvania Corporation,    )
     and Does 1 through 50, inclusive,           )
19                                               )
                    Defendants.                  )
20   _____ ) Action Filed:   May 19, 2016

21

22

23

24

25

26

27

28

1094824.1

1   Defendant COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,

2   erroneously sued herein as Comcast Inc. d.b.a. Comcast Cable Communications Management,

3   LLC, Comcast Cable Communications LLC, Comcast Holdings Corporation, and Comcast

4   Corporation ("Defendant" or "Comcast") hereby answers the Complaint for Damages (the

5   "Complaint") filed by Plaintiff Gloria Rodriguez ("Plaintiff") as follows:

6   **GENERAL DENIAL**

7   Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each

8   and every allegation in the Complaint and each and every purported cause of action alleged in it,

9   and further denies that Plaintiff has suffered any damages, either in the sum or sums alleged in the

10  Complaint, or in any sum, by reason of any act, omission, or conduct on the part of Defendant, as

11  alleged in the Complaint, or at all.

12  **AFFIRMATIVE DEFENSES**

13  Defendant further alleges and asserts the defenses set forth below.  By pleading these

14  additional defenses, Defendant does not assume the burden of proving any fact, issue or element of

15  a cause of action where such burden properly belongs to Plaintiff.  Nothing stated herein should be

16  construed as a concession that any particular issue or subject matter is relevant to Plaintiff's

17  allegations.  Defendant expressly reserves the right to assert additional affirmative defenses in the

18  event discovery indicates such defenses are appropriate.

19  **FIRST AFFIRMATIVE DEFENSE**

20  (Improper Party)

21  1.   Plaintiff has named "Comcast Inc. d.b.a. Comcast Cable Communications

22  Management, LLC, Comcast Cable Communications LLC, Comcast Holdings Corporation, and

23  Comcast Corporation" as her employer and the defendant in this action.  Comcast Inc. is a non-

24  existent legal entity.  Because Comcast Inc. is not an actual legal entity, it cannot "do business as"

25  any other corporation or business entity, it cannot accept service of the summons and complaint in

26  this action, and it cannot serve or act as the agent of any other business entity.  Accordingly,

27  Comcast Inc. cannot be liable to Plaintiff for any of the alleged conduct in this action.

28

1

1

## SECOND AFFIRMATIVE DEFENSE

2

(Failure to Exhaust Administrative Remedies)

3    2.    Plaintiff has failed to exhaust her administrative remedies against her proper

4  employer.  Plaintiff's claims, each and every one, are therefore barred as a matter of law.

5

## THIRD AFFIRMATIVE DEFENSE

6

(Failure to State A Claim)

7    3.    Plaintiff has failed to state one or more essential elements against Defendant for

8  each and every cause of action in her Complaint.  Specifically, Plaintiff has failed to allege that she

9  was employed by Defendant, Defendant was responsible for the alleged conduct, or that Plaintiff

10  was harmed due to any alleged conduct by Defendant.

11

## FOURTH AFFIRMATIVE DEFENSE

12

(No Discrimination or Retaliation)

13    4.    Defendant's actions with respect to the subject matters alleged in the Complaint

14  were undertaken in good faith and for good cause after adequate investigation, with the absence of

15  malicious intent to injure Plaintiff, and constitute lawful, proper, and justified means to further the

16  sole purpose of Defendant to engage in and continue its lawful business activities.  Furthermore, all

17  decisions made with respect to Plaintiff's employment were reasonably based on legitimate, non-

18  discriminatory and non-retaliatory reasons, and were made for proper, business-related reasons

19  which were neither arbitrary, capricious, nor unlawful.  By reason thereof, Plaintiff is barred, in

20  whole or in part, from recovery on the alleged causes of action contained in the Complaint.

21

## FIFTH AFFIRMATIVE DEFENSE

22

(Lack of Ratification)

23    5.    Defendant is not liable for Plaintiff's alleged damages because, if any person

24  engaged in any intentional, willful, or unlawful conduct as alleged in the Complaint, he or she did

25  so without the knowledge, authorization, or ratification of Defendant.

26

27

28

2

Case No.  CGC-16-552115
Answer to Plaintiff's Complaint

1094824.1

1

## SIXTH AFFIRMATIVE DEFENSE

2

(Plaintiff Is Not A Qualified Individual with A Disability)

3      6.      Plaintiff's causes of action are barred because (i) Plaintiff was unable to perform her

4   essential job duties even with reasonable accommodations, or (ii) could not perform those duties in

5   a manner that would not endanger Plaintiff's health and safety or the health or safety of others even

6   with reasonable accommodation.

7

## SEVENTH AFFIRMATIVE DEFENSE

8

(Plaintiff Provided With Reasonable Accommodations)

9      7.      Plaintiff's causes of action, each of them, are barred because (i) Defendant provided

10   Plaintiff with reasonable accommodations; (ii) where more than one accommodation was

11   reasonable, Defendant was allowed to choose the accommodation; and, (iii) any additional

12   accommodations requested by Plaintiff were either unreasonable or not available at the time of the

13   request.

14

## EIGHTH AFFIRMATIVE DEFENSE

15

(Good Faith Interactive Process)

16      8.      Plaintiff's causes of action, each of them, are barred because Defendant engaged in a

17   timely and good faith interactive process with Plaintiff under FEHA or attempted to engage in a

18   meaningful interactive process with Plaintiff, but Plaintiff refused to do so.

19

## NINTH AFFIRMATIVE DEFENSE

20

(Estoppel)

21      9.      Plaintiff's causes of action are barred, in whole or in part, by the doctrine of

22   estoppel.

23

## TENTH AFFIRMATIVE DEFENSE

24

(Unclean Hands)

25      10.      Plaintiff's causes of action are barred, in whole or in part, by the doctrine of unclean

26   hands.

27

28

1

### ELEVENTH AFFIRMATIVE DEFENSE

2

(Waiver)

3

11.     Plaintiff's causes of action are barred, in whole or in part, by the doctrine of waiver.

4

### TWELFTH AFFIRMATIVE DEFENSE

5

(Failure to Mitigate)

6

12.     Defendant is informed and believes, and on that basis alleges, that Plaintiff has

7

failed to take reasonable steps to reduce or minimize any alleged damages.  By reason thereof,

8

Plaintiff is barred, in whole or in part, from recovering any damages from Defendant.

9

### THIRTEENTH AFFIRMATIVE DEFENSE

10

(Plaintiff's Own Conduct and/or Fault of Others)

11

13.     Plaintiff's claims are barred, in whole or in part, because if Plaintiff sustained any

12

damage, injury or detriment as alleged in the Complaint, such injury was caused by her own

13

conduct and/or the fault of others for whose conduct Defendant is not liable.

14

### FOURTEENTH AFFIRMATIVE DEFENSE

15

(No Entitlement to Exemplary/Punitive Damages)

16

14.     Plaintiff is precluded from recovering exemplary and/or punitive damages from

17

Defendant, in whole or in part, under the applicable provisions of the law, including but not limited

18

to the California and United States Constitutions and section 3294 of the California Civil Code

19

because an agent or employee of Defendant (i) did not engage in any unlawful conduct toward

20

Plaintiff; (ii) did not engage in any conduct toward Plaintiff with malice, oppression or fraud;

21

and/or (iii) such conduct was not performed, authorized, or ratified by an officer, director or

22

managing agent of Defendant.

23

### FIFTEENTH AFFIRMATIVE DEFENSE

24

(Same Decision)

25

15.     The Complaint is barred, in whole or in part, because the alleged adverse

26

employment decisions made by Defendant, if any, would have been the same even if Defendant's

27

alleged discriminatory acts, which Defendant denies, had played no role in such alleged adverse

28

employment decisions.

4

1094824.1

## SIXTEENTH AFFIRMATIVE DEFENSE

(At-Will Employment)

16.     Plaintiff's causes of action are barred, each of them, because Plaintiff's employment was at will within the meaning of California Labor Code section 2922 and could be terminated without cause and without notice at any time for any lawful reason.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Attorney Fees)

17.     Plaintiff's seventh cause of action is barred to the extent it seeks attorney fees, which fees are not available to Plaintiff pursuant to a tort cause of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Proximate Cause)

18.     If Plaintiff has suffered any emotional distress, which Defendant denies, such emotional distress was proximately caused by factors other than the acts alleged in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.     That judgment be entered in favor of Defendant and against Plaintiff;

2.     That Plaintiff takes nothing by the Complaint and that the Complaint be dismissed in its entirety with prejudice;

3.     That Defendant be awarded its recoverable costs of suit and the attorneys' fees incurred herein; and

4.     For such other relief as this Court deems just and proper.

Dated:  June 27, 2016                            CAROTHERS DISANTE & FREUDENBERGER LLP

By: _____
                    Marianne C. Koepf
Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC

1094824.1

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

3

4

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 Montgomery Street, Suite 350, San Francisco, California 94111. On June 27, 2016, I served upon

5

the interested party(ies) in this action the following document described as **DEFENDANT COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** By placing a true copy thereof enclosed in

6

sealed envelope(s) addressed as stated below:

7

8

Daniel Ray Bacon
LAW OFFICES OF DANIEL RAY BACON
234 Van Ness Avenue

9

San Francisco, CA 94102
Tel: (415) 864-0907

10

Fax: (415) 864-0989
***Attorney for Plaintiff***

11

***GLORIA RODRIGUEZ***

12

13

for processing by the following method:

14

☒   (BY OVERNIGHT MAIL) By placing such envelope(s) designated by the appropriate express service carrier with delivery fees prepaid or otherwise provided for into Carothers

15

DiSante & Freudenberger LLP's interoffice mail for collection and express delivery pursuant to ordinary business practice. I am familiar with the office practice of Carothers

16

DiSante & Freudenberger LLP for collecting and processing express deliveries, which practice is that when express deliveries are deposited with the Carothers DiSante &

17

Freudenberger LLP personnel responsible for handling express deliveries, such mail is deposited that same day in a box or other facsimile regularly maintained by the express

18

service carrier or other like facility regularly maintained for overnight delivery.

19

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

Executed on June 27, 2016, at San Francisco, California.

21

22

LARA NATHER
(Type or print name)                    (Signature)

23

24

25

26

27

28