FILED

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLORIA RODRIGUEZ,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>COMCAST, INC., DBA Comcast Cable Communications Management, LLC; et al.,<br><br>    Defendants-Appellees. | No.   17-17379<br><br>D.C. No. 3:16-cv-04413-SK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted December 3, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and MILLER, Circuit Judges.

   Gloria Rodriguez appeals the district court's summary judgment in favor of Comcast, Inc. in her diversity action alleging plaintiff's job as a customer service representative was terminated in violation of the California Fair Employment and

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand. Because the parties are familiar with the history of this case, we need not recount it here.

We review district court orders granting summary judgment *de novo*, *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1028 (9th Cir. 2000), as well as the district court's interpretation of state law, *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1216 (9th Cir. 1997).

I

The district court erred in granting summary judgment on Rodriguez's FEHA claims because of perceived inconsistencies between her representations to the Social Security Administration regarding her disabling condition and her FEHA claims. A close examination of the statements she made to the SSA demonstrates that the statements were subject to multiple interpretations, which did not rise to the level that invocation of judicial estoppel would be proper. *See Cleveland v. Policy Management Systems Corporation*, 526 U.S. 795, 807 (1999) (an application for social security benefits does not preclude other relief if the statements made in the application process can be explained); *see also New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (explaining that courts applying judicial estoppel typically require that "a party's later position . . . be 'clearly

inconsistent' with its earlier position" (citations omitted)).

Therefore, we must vacate the district court's grant of summary judgment as to Rodriguez's claims for disability discrimination, failure to accommodate, and failure to engage in an interactive process.

II

The district court also erred in granting summary judgment on the FEHA retaliation claim. FEHA prohibits an employer from retaliating against an employee for engaging in "protected activity." *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130–31 (Cal. 2005). The district court granted summary judgment in favor of Comcast on the grounds that, at the time of Rodriguez's employment, requests for reasonable accommodation, standing alone, did not constitute "protected activity." *Rodriguez v. Comcast Inc.*, No. 16-CV-04413-SK, 2017 WL 6819932, at *5 (N.D. Cal. Nov. 8, 2017) (citing *Rope v. Auto-Chlor Sys. of Washington, Inc.*, 163 Cal. Rptr. 3d 392, 407 (Cal. Ct. App. 2013)).

In 2015, however, the California legislature amended FEHA in response to *Rope*. *See* 2015 Cal. Stat. 1669–74. This amendment was a clarification of existing law, and not a substantive change, and thus it "properly applie[s] to transactions predating its enactment." *Carter v. Cal. Dep't of Veterans Affairs*, 135 P.3d 637, 642 (Cal. 2006). In reaching this conclusion, we rely on a prediction that

3

the Supreme Court of California would also hold that the 2015 amendment clarified FEHA.  *See id.* at 642–48 (analyzing whether a similar amendment to FEHA was a clarification of existing law).  The 2015 amendment explicitly repudiated *Rope,* "mak[ing] clear" that "a request for reasonable accommodation" is a "protected activity" under FEHA.  *See* 2015 Cal. Stat. 1670.  It also noted that federal law protects from retaliation individuals who request accommodations, and "affirm[ed]" that California law "has always exceeded [federal law] in the protections afforded."  *Id.*

At the time of Rodriguez's employment, therefore, requests for accommodation constituted protected activity under FEHA.  We vacate the district court's grant of summary judgment to Comcast on Rodriguez's retaliation claim and remand for further proceedings.

## III

Because we are vacating the district court's grant of summary judgment with respect to Rodriguez's claims for disability discrimination, failure to accommodate, failure to engage in an interactive process, and retaliation, we also vacate the district court's grant of summary judgment to Comcast with respect to her claims for failure to prevent discrimination and wrongful termination in violation of public policy and remand for further proceedings.

We need not, and do not, reach any other issue urged by the parties on appeal or before the district court.

**VACATED AND REMANDED.**

FILED

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Rodriguez v. Comcast, Inc.*, No. 17-17379

MILLER, J., concurring in part and dissenting in part:

I join in the court's disposition and reasoning, except as to part II. On an issue governed by state law, we are "obligated to follow the decisions of the state's intermediate appellate courts" unless there is "convincing evidence that the state supreme court would decide differently." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007) (quoting *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)). The court offers plausible reasons to think that the California Supreme Court might deem the 2015 amendment to FEHA to have retroactive effect. In my view, however, those reasons are not sufficiently convincing to justify disregarding the two published decisions of the California Court of Appeal that have directly addressed this question and held that the amendment does not apply retroactively. *See Cornell v. Berkeley Tennis Club*, 227 Cal. Rptr. 3d 286, 314 (Cal. Ct. App. 2017); *Moore v. Regents of Univ. of Cal.*, 206 Cal. Rptr. 3d 841, 867 (Cal. Ct. App. 2016).